IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Tina M. Ewell | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| -vs- | ) |
| | ) |
| Eric Toney, Dennis Krueger, William | ) |
| Ledger, Matt Bobo and Mylan C. Fink, | ) |
| | ) |
| *Defendants*. | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff Tina M. Ewell is a resident of the Eastern District of Wisconsin.

3. Defendant Eric Toney was at all times relevant the District Attorney of Fond du Lac County. Plaintiff sues Toney in his individual capacity for actions that were entirely investigative in nature.

4. Defendant Dennis Krueger was at all times relevant an Assistant District Attorney of Fond du Lac County. Plaintiff sues Krueger in his individual capacity for actions that were entirely investigative in nature.

5. Defendants William Ledger and Matt Bobo were at all times relevant detectives in the police department of the City of Fond du Lac. Plaintiff sues Ledger and Bobo in their individual capacity.

6. Defendant Mylan C. Fink was at all times relevant the Sheriff of Fond du Lac County. Plaintiff sues Fink in his individual capacity.

7. On or about November 5, 2013, defendants became aware that a man named Timothy Nance, a resident of the City of Fond du Lac, had disappeared.

8. On one or more occasions between November 5, 2013 and November 20, 2013 police officers of the City of Fond du Lac questioned plaintiff about the disappearance of Timothy Nance.

9. Plaintiff fully cooperated with the police investigation and at all times denied any knowledge about or involvement in the disappearance of Timothy Nance.

10. Nothing that plaintiff said or did during the above described police questioning could have caused a reasonable law enforcement official to believe that plaintiff had engaged in criminal wrongdoing.

11. At some time after November 5, 2013, defendants and others, whose identities are presently unknown to plaintiff, conspired, confederated, and agreed to deprive plaintiff of rights secured by the Fourth and

Fourteenth Amendments to the Constitution of the United States. The object of this conspiracy was to coerce plaintiff to confess to involvement in criminal wrongdoing and to extract evidence from plaintiff that could be used to charge plaintiff or some other person with an offense arising out of the disappearance of Timothy Nance.

12. Defendants joined in the conspiracy after plaintiff had asserted rights secured by the Constitution of the United States, including her right to remain silent and her right to confer with an attorney.

13. Defendants undertook the following acts in furtherance of the conspiracy:

    a. On or about November 20, 2013, defendants Ledger and Bobo arrested plaintiff;

    b. At some time after plaintiff had been arrested, defendant Fink agreed to hold plaintiff as a prisoner at the Fond du Lac County Jail without charges, warrant, or legal process.

    c. Defendants Toney and/or Krueger directed or approved the detention of plaintiff at the Fond du Lac County Jail without warrant, legal process, or formal charge.

    d. Defendant Ledger signed an affidavit purporting to set out a basis for continuing to detain plaintiff without the filing of charges.

e. One or more of defendants Toney and Krueger presented the Ledger affidavit to a judge and requested him to engage in action beyond his lawful authority which would contravene rights clearly established by the Fourth Amendment to the Constitution of the United States: to authorize the continued detention of plaintiff while defendants sought to gather evidence to permit them to charge plaintiff with an offense.

f. At the behest of one or more of defendants Toney and Krueger, plaintiff did not receive written notice of the basis, if any, for her continued detention.

g. At the behest of one or more of defendants Toney and Krueger, plaintiff did not receive an opportunity to be heard about the legality of her continued detention.

h. On November 27, 2013, defendants Toney and Krueger publicly admitted that plaintiff was being held in custody at their direction while the police sought to gather evidence to permit them to charge plaintiff with an offense.

14. The above described conspiracy resulted in a deprivation of rights secured to plaintiff by the Constitution of the United States for one or more of the following reasons:

a. At the time of plaintiff's arrest on November 20, 2013, the facts available could not have given rise to a reasonable relief that plaintiff had committed an offense or was otherwise subject to arrest. Plaintiff was therefore arrested in violation of rights secured to her by the Fourth Amendment to the Constitution of the United States.

b. Plaintiff did not receive a judicial determination of probable cause to detain and to charge within 48 hours of her arrest. Plaintiff was therefore detained in violation of rights secured to her by the Fourth Amendment to the Constitution of the United States.

c. All but the plainly incompetent or those who knowingly violate the law would have known that the Fourth and Fourteenth Amendments to the Constitution of the United States did not permit a judge to authorize plaintiff's detention to allow law enforcement officials to gather evidence to permit them to decide whether plaintiff could be charged with an offense

15. Plaintiff remained in custody until she was released without the filing of charges on December 2, 2013.

16. While incarcerated as the result of this conspiracy, plaintiff was deprived of her liberty, separated from her family and minor children, un-

able to work, held for an extended time in solitary confinement at the Jail, and experienced severe emotional distress.

17. As a result of the foregoing, defendants caused plaintiff to be deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, to be deprived of her liberty, separated from her minor children, unable to work, and subjected to severe emotional distress.

18. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory and punitive damages be awarded against all defendants and that the Court order that costs, including reasonable attorneys' fees, be taxed against defendants.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC 0830399 (Illinois)
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

Richard Dvorak
18W140 Butterfield Road, 15th Floor
Oakbrook Terrace, IL 60681
(312) 593-7146

*attorneys for plaintiff*